**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.

      Plaintiff,

      v.

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No.: 1:18-cv-00932

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)      I am currently the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division, in Winchester, Virginia. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)      In my official capacity as Section Chief of RIDS, I supervise approximately 244 employees who staff a total of twelve (12) FBI Headquarters units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, as

amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009 and the FOIA

Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential,

Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and

Congressional directives. The statements contained in this declaration are based upon my

personal knowledge, upon information provided to me in my official capacity, and upon

conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information pursuant to the provisions of the FOIA,

5 U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am familiar with

the FBI's handling of Plaintiff's FOIA request dated August 4, 2017.

(4)     This declaration is submitted in support of the FBI's Motion for Summary

Judgment and details the administrative history of Plaintiff's FOIA request, as well as explains

the FBI's application of FOIA Exemptions (b)(3), (b)(6)/(b)(7)(C), and (b)(7)(E).

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST

(5)     In a letter dated August 4, 2017, Plaintiff submitted a FOIA request to the

Department of Justice seeking:

> any and all records of communications between former FBI Director James Comey
> and Special Counsel Robert Mueller, or members of SC Mueller's investigative
> committee, regarding, concerning or relating to the return of memoranda of
> conversations, memoranda to the file or notes regarding the same generated by
> Comey following conversations with government officials during his tenure as FBI
> Director.

Plaintiff limited the timeframe of his request from May 1, 2017 to the present. Plaintiff also

requested a fee waiver. *See* **Exhibit A.**

(6)     By letter dated September 26, 2017, the FBI acknowledged receipt of Plaintiff's

request for records and assigned it FOIA Request Number 1385447. The FBI also confirmed

receipt of Plaintiff's fee waiver request.  The FBI stated Plaintiff could check the status of its

FOIA request at www.fbi.gov/foia.  Lastly, the FBI notified Plaintiff of its right to appeal the

FBI's determination by filing an administrative appeal with Department of Justice Office of

Information Policy ("DOJ OIP") within ninety (90) days from the date of its letter.

Alternatively, Plaintiff could seek dispute resolution services by contacting the Office of

Government Information Services ("OGIS") and/or the FBI's FOIA Public Liaison.

*See* **Exhibit B**.

(7)     In a letter dated January 19, 2018, the FBI informed Plaintiff that it could neither

confirm nor deny whether the specific items requested exist because the mere acknowledgement

could trigger a harm under FOIA Exemption (b)(7)(A).  The FBI further notified Plaintiff of his

right to appeal the FBI's determination by filing an administrative appeal with DOJ OIP within

ninety (90) days from the date of its letter.  Alternatively, Plaintiff could seek dispute resolution

services by contacting the OGIS and/or the FBI's FOIA Public Liaison.  *See* **Exhibit C**.

(8)     By letter dated February 5, 2018, Plaintiff filed an administrative appeal with DOJ

OIP.  Plaintiff asserted that "the existence of ongoing law enforcement proceedings involving

Mr. Comey [had] been widely acknowledged in open proceedings by government officials."

*See* **Exhibit D**.

(9)     In a letter dated February 16, 2018, DOJ OIP acknowledged receipt of Plaintiff's

administrative appeal and assigned appeal number DOJ-AP-2018-002834.  *See* **Exhibit E**.

(10)    By letter dated April 13, 2018, DOJ OIP affirmed the FBI's actions and

determined the FBI properly refused to confirm or deny the existence of records responsive to

Plaintiff's request because the existence of records was protected from disclosure pursuant to

5 U.S.C. § 552(b)(7)(A).  Lastly, OIP notified Plaintiff of its right to file a lawsuit in federal

3

district court and/or seek mediation services through OGIS if it was dissatisfied with OIP's action. *See* **Exhibit F.**

(11)     Plaintiff filed a Complaint with the United States District Court for the District of Columbia on April 20, 2018.

(12)     By letter dated November 16, 2018, the FBI stated it had examined the responsive records and determined the information was entirely exempt from disclosure pursuant to FOIA Exemption (b)(7)(A).  The FBI also identified underlying FOIA Exemptions (b)(1), (b)(3), (b)(6)/(b)(7)(C), and (b)(7)(E) as additional grounds for non-disclosure of portions of the underlying records. *See* **Exhibit G**.

(13)     On July 23, 2019, the FBI advised Plaintiff it was releasing in part 6 pages of records.  The FBI withheld information pursuant to FOIA exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). *See* **Exhibit H.**

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

(14)     On June 8, 2017, former FBI Director James Comey testified before the Senate Select Committee on Intelligence "to having documented his one-on-one conversations with President Donald Trump.[1]  These documents have been colloquially referred to as the "Comey Memos."[2]

(15)     On April 19, 2018, in response to a Congressional request, the Comey Memos were provided in redacted form to the Chairman of the Senate Select Committee on Oversight

---

[1] Former Director Comey has not admitted to documenting one-on-one conversations with any government officials other than President Trump during the specified timeframe of May 1, 2017 until his dismissal on May 9, 2017.  Thus, there is no information upon which to reasonably conclude that additional memoranda of conversations exist.

[2] During former Director Comey's testimony, these documents were variously described as "memoranda" or "notes."

4

and Government Reform and the House Permanent Select Committee on Intelligence. The same day, Congress disclosed copies of the redacted Comey Memos to the media. As a result of these events, the FBI processed and released under the FOIA the same memos released by Congress.

(16)     Plaintiff's request sought records between specific individuals (former FBI Director James Comey and Special Counsel Robert Mueller ("SC Mueller"), or members of SC Mueller's investigative committee); "regarding, concerning or relating to" specific subject matter (the return of memoranda of conversations, memoranda to the file or notes regarding the same generated by Comey following conversations with government officials); and during a specific date range (May 1, 2017, to present). Accordingly, FBI determined that any responsive records memorializing such communications could reasonably be expected to reside with the Special Counsel's Office ("SCO") and would relate to the Comey Memos.

(17)     In light of the resent release of SC Mueller's Report, the FBI conducted an additional review of the responsive records to determine the impact of this release on its previous disclosure determinations. This review revealed the records are no longer categorically exempt pursuant to Exemption (b)(7)(A). Consequently, the FBI re-processed the records to release non-exempt information to Plaintiff. The FBI released 6 pages of records with limited withholdings. The FBI determined that the withheld information was exempt pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6)/(b)(7)(C), and (b)(7)(E).[3]

## SEARCH

(18)     Former FBI Director James Comey was dismissed by President Donald Trump on May 9, 2017. Eight days later on May 17, 2017, Robert Mueller was appointed Special Counsel

---

[3] Counsel for Plaintiff informed Defendant's counsel that Plaintiff does not intend to challenge Defendant's withholdings under FOIA Exemptions (b)(3), b(6), or (b)(7)(C).

to investigate possible Russian interference in the 2016 presidential election. Thus, any agency records of communications between former Director Comey and SC Mueller concerning the Comey Memos would have occurred after Comey's dismissal and would reside with the SCO.

(19)    Based on the nature of the information requested, the FBI determined it needed to seek the SCO's assistance to conduct a reasonable search for responsive records. Thus, the FBI contacted the SCO, provided Plaintiff's request letter, and requested a search for responsive records. In consultation with SCO personnel, FBI personnel assisting the SCO identified case files in the FBI's Central Records System ("CRS")[4] where responsive records might be located. While SCO used the FBI's case management system, Sentinel (part of the CRS), to house its investigative records, access to SCO records outside of those directly working for SCO was greatly restricted for security reasons. SCO also identified specific custodians in positions to have first-hand knowledge of responsive documents. An item-by-item review for responsive documents was conducted of the CRS files identified. In addition, each custodian[5] identified was contacted with the language of the request and timeframe and asked to conduct searches for responsive records. Through the item-by-item review and custodian searches, the SCO identified a small volume of responsive records and provided them to the FBI for processing under the FOIA.

(20)    In summary, The FBI, in coordination with the SCO, conducted a search reasonably calculated to locate responsive records. FBI FOIA personnel contacted FBI

---

[4] The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling its integrated missions and functions as a law enforcement, counterterrorism, and intelligence agency to include performance of administrative and personnel functions.

[5] Custodians included FBI special agents, an intelligence analyst, and SCO attorneys, all of whom assisted the SCO with the investigation.

6

personnel who were assisting the SCO to conduct a search reasonably calculated to uncover relevant documents. FBI personnel assisting the SCO consulted with SCO personnel who, at the time, were assigned to the Russia investigation, had first-hand knowledge of the records at issue, and knew where records could be located. These SCO personnel reasonably expected to possess/have knowledge of responsive records, were requested to perform (and did perform) their own searches. Thus, the search performed by the FBI through SCO subject matter experts was reasonably calculated to locate all potentially responsive records.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

(21)    The FBI processed the 6 responsive pages to achieve maximum disclosure consistent with the access provisions of the FOIA. The FBI conducted a document-by-document, line-by-line review of each page, and made every effort to provide Plaintiff with all material in the public domain as well as all reasonably segregable, non-exempt information.

(22)    Following its review, the FBI concluded that the records contained information exempt from disclosure pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). Further description of the information withheld, beyond what is provided in this declaration, could identify the actual exempt information the FBI is protecting. All information withheld by the FBI is exempt from disclosure pursuant to the cited FOIA exemption(s) or is so intertwined with exempt information that segregation is not possible without revealing the exempt information.

(23)    In addition to those withholdings that Plaintiff has stated it will not challenge in this action, the FBI is asserting the following Exemptions to protect the following types of information within the responsive records.

7

a. DOJ is asserting Exemption (b)(5) to protect privileged information pursuant to the Presidential Communications Privilege. **Exhibit I** contains the Declaration of Vanessa Brinkmann from the DOJ, Office of Information Policy, justifying the assertion of Exemption (b)(5).

b. The FBI is also asserting Exemption (b)(7)(E) to protect a sensitive file number, a code name, witch, in the context of the documents, relates to intelligence sources and methods and the investigative focus and character of the Russia investigation.

## EXEMPTION (b)(7)(E)
## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(24)    FOIA Exemption (b)(7)(E) applies to investigative techniques and procedures located within the responsive records and utilized by the FBI in furtherance of the Russian interference investigation. In this case, the FBI is asserting Exemption (b)(7)(E) to protect the sensitive file number, code name, and category of investigation associated with the Russia investigation that would, if disclosed, reveal not publically known investigative techniques and procedures as well as intelligence source and methods. This information was originally classified pursuant to E.O. 13526 § 1.4(c). This information remains sensitive and would reveal information relevant to the character and focus of the investigation. The file number and code name are unique to this investigation and could reveal vital not publically known information about connections with other potential pending investigations. Release of the file numbering convention could potentially reveal investigative interest or priority given to a particular investigative matter. File numbers act as a tracking mechanism of information both within a particular investigation, as well as other related investigations. The FBI does not have a blanket policy of protecting all file numbers. Though not required to do so when protecting techniques and procedures, the FBI conducts circumvention risk analysis when making disclosure

8

determinations of sensitive file numbers. This determination is based on several factors including, but not limited to file classifications (*e.g.* bank robbery vs. national security related file), age of the records, status of the investigation documented in a particular file (pending vs. closed), context in which a particular file number is mentioned, etc. Moreover, publicly disclosing additional information about the 7(E) techniques could reasonably be expected to risk circumvention of the law because it would arm those potentially still under investigation to develop countermeasures to evade detection, as well as destroy, adulterate, or compromise evidence. Any further public description of the information would disclose non-public information which is itself exempt under Exemption (b)(7)(E). Therefore, the FBI is asserting Exemption (b)(7)(E) to protect sensitive and, at times, classified investigative techniques and procedures within the responsive records.

## SEGREGABILITY

(25)     The FBI conducted a segregability review and determined the information comprises a mixture of material that could be segregated for release and material that was withheld as release would trigger foreseeable harm to one or more interests protected by the cited FOIA Exemptions on the pages. The FBI could not find any additional information that could be released that would not trigger such harms.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and Exhibits A through I are true and correct copies.

Executed this _23rd_ day of July, 2019.

David M. Hardy
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

      Plaintiff,

         v.

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 1:18-cv-00932

# EXHIBIT A



**Judicial Watch**
*Because no one is above the law!*

FOIA

August 4, 2017

**VIA CERTIFIED MAIL**

FOIA/PA Mail Referral Unit
Department of Justice
LOC Building, Room 115
Washington, DC 20530-0001

**Re:  Freedom of Information Act Request**

Dear Freedom of Information Officer:

Judicial Watch, Inc. ("Judicial Watch") hereby requests that the U.S. Department of Justice ("DOJ") produce the following records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"):

> **Any and all records of communications between former FBI Director James Comey and Special Counsel Robert Mueller, or members of SC Mueller's investigative committee, regarding, concerning or relating to the return of memoranda of conversations, memoranda to the file or notes regarding same generated by Comey following conversations with government officials during his tenure as FBI Director.**
>
> **The time frame for the requested records is May 1, 2017 to the present.**

Please determine whether to comply with this request within the time period required by FOIA and notify us immediately of your determination, the reasons therefor, designee.  5 U.S.C. § 552(a)(6)(i).  Please also produce all responsive records in an electronic format ("pdf" is preferred), if convenient.  We also are willing to accept a "rolling production" of responsive records if it will facilitate a more timely production.

Judicial Watch also hereby requests a waiver of both search and duplication fees. We are entitled to a waiver of search fees because we are a "representative of the news media."  *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also Cause of Action v. Federal Trade Comm.*, 799 F.3d 1108 (D.C. Cir. 2015); *Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989).  For more than twenty years, Judicial Watch has used FOIA and other investigative tools to gather information about the operations and activities of government, a subject of undisputed public interest.  We submit over 400 FOIA requests annually.  Our personnel, which includes experienced journalists and professional writers on staff and under contract, use their editorial skills to turn this raw information into distinct works that are disseminated to the public via our monthly newsletter, which has a

circulation of over 300,000, weekly email update, which has over 600,000 subscribers, investigative bulletins, special reports, www.judicialwatch.org website, *Corruption Chronicles* blog, and social media, including Facebook and Twitter, among other distribution channels. We have authored several books, including *Corruption Chronicles* by Tom Fitton (Threshold Editions, July 24, 2012), and another book, *Clean House* by Tom Fitton (Threshold Editions, Aug. 30, 2016), is forthcoming. In 2012, we produced a documentary film, "District of Corruption," directed by Stephen K. Bannon. Our "news media" status has been confirmed in court rulings. *See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006); *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000). As a tax exempt, 501(c)(3) non-profit corporation, we have no commercial interests and do not seek the requested records for any commercial use. Rather, we intend to use the requested records as part of our on-going investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

Judicial Watch also is entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." *Cause of Action*, 799 F.3d at 1115 (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, Judicial Watch intends to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via its newsletter, email updates, investigative bulletins, website, blog, and its other, regular distribution channels. *Cause of Action*, 799 F.3d at 1116 (*quoting Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994)). Again, Judicial Watch does not seek the requested records for any commercial benefit or for its own "primary" benefit, but instead seeks them as part of its ongoing investigative journalism and public education efforts to promote integrity, transparency, and accountability in government and fidelity to the rule of law.

In the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch agrees to pay up to $300.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or bmarshall@judicialwatch.org.

Thank you for your cooperation.

**DOJ/FOIA Request**
**August 4, 2017**
**Page 3 of 3**

Very respectfully,

William F. Marshall
Judicial Watch, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

      Plaintiff,

        v.

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 1:18-cv-00932

# EXHIBIT B



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

September 26, 2017

MR. WILLIAM F MARSHALL
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

FOIPA Request No.: 1385447-000
Subject: Communications between former
FBI Director James Comey and Special
Counsel Robert Mueller (May 1, 2017 –
Present)

Dear Mr. Marshall:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a public interest fee waiver is under consideration, and you will be advised of the decision at a later date.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☐ For the purpose of assessing any fees, we have determined:

   ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

   ☑ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

   ☐ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIA online portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

     Plaintiff,

        v.

U.S. DEPARTMENT OF JUSTICE,

     Defendant.

Civil Action No. 1:18-cv-00932

# EXHIBIT C



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 19, 2018

MR. WILLIAM F MARSHALL
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

FOIPA Request No.: 1385447-000
Subject: Communications between former FBI
Director James Comey and Special Counsel Robert
Mueller

Dear Mr. Marshall:

This responds to your Freedom of Information Act (FOIA) request.

The FBI can neither confirm nor deny that the specific items you seek exist or do not exist as mere acknowledgement of these items would require the FBI to confirm or refute these assumptions, which could trigger harm under FOIA Exemption (b)(7)(A). Acknowledging the existence or non-existence of records could reasonably be expected to interfere with law enforcement proceedings. 5 U.S. C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

It is unnecessary to adjudicate your request for a fee waiver.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)



# FBI FACT SHEET

- **The primary functions of the FBI are national security and law enforcement.**

- **The FBI does not keep a file on every citizen of the United States.**

- **The FBI was not established until 1908 and we have very few records prior to the 1920s.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white collar crime, major thefts, violent crime, and applicants.

- **The FBI does not issue clearances or non-clearances for anyone other than its own personnel or persons having access to FBI facilities.** Background investigations for security clearances are conducted by many different Government agencies. Persons who received a clearance while in the military or employed with some other government agency should contact that entity. Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identity history summary check or "rap sheet" is NOT the same as an "FBI file."** It is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service. The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI CJIS Division – Summary Request, 1000 Custer Hollow Road, Clarksburg, WV 26306. Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records are not disseminated to an unauthorized person. The fingerprint submission must include the subject's name, date and place of birth. There is a required fee of $18 for this service, which must be submitted by money order or certified check made payable to the Treasury of the United States. A credit card payment option is also available. Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/about-us/cjis/identity-history-summary-checks.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to a requesting federal, state or local agency. Names are searched in a multitude of combinations and phonetic spellings to ensure all records are located. The NNCP also searches for both "main" and "cross reference" files. A main file is an entry that carries the name corresponding to the subject of a file, while a cross reference is merely a mention of an individual contained in a file. The results from a search of this magnitude can result in several "hits" and "idents" on an individual. In each instance where UNI has identified a name variation or reference, information must be reviewed to determine if it is applicable to the individual in question.

- **The Record/Information Dissemination Section (RIDS)** searches for records and provides copies of FBI files responsive to Freedom of Information or Privacy Act (FOIPA) requests for information. RIDS provides responsive documents to requesters seeking "reasonably described information." For a FOIPA search, the subject's name, event, activity, or business is searched to determine whether there is an associated investigative file. This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

7/18/16

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual  pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government  service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the  person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

     Plaintiff,

        v.

U.S. DEPARTMENT OF JUSTICE,

     Defendant.

Civil Action No. 1:18-cv-00932

# EXHIBIT D



**Judicial Watch**
*Because no one is above the law!*



February 5, 2018

**VIA CERTIFIED MAIL**

RECEIVED

FEB 1 2 2018

Office of Information Policy

Director, Office of Information Policy
United States Department of Justice
Suite 11050
1425 New York Avenue, NW
Washington, DC 20530-0001

**Re:  FOIA Appeal/Request # 1385447-000**

Dear Sir or Madam:

    I am writing in response to a letter[1] I received from David Hardy, dated January 19, 2018 in response to a Freedom of Information Act ("FOIA") request that I had submitted to the Federal Bureau of Investigation ("FBI") on August 4, 2017 in which I had sought:

> *Any and all records of communications between former FBI Director James Comey and Special Counsel Robert Mueller, or members of SC Mueller's investigative committee, regarding, concerning or relating to the return of memoranda of conversations, memoranda to the file or notes regarding same generated by Comey following conversations with government officials during his tenure as FBI Director.*
>
> *The time frame for the requested records is May 1, 2017 to the present.*

    Mr. Hardy's letter indicates that the FBI could neither confirm nor deny that records responsive to my request exist, since such acknowledgement or refutation "could trigger harm under FOIA Exemption (b)(7)(A)" and interfere with law enforcement proceedings.

    I respectfully appeal this decision, on the basis that the existence of ongoing law enforcement proceedings involving Mr. Comey has been widely acknowledged in open proceedings by government officials themselves and has been disclosed in official government records, such as the January 18, 2018 House Permanent Select Committee on Intelligence ("HPSCI") memorandum detailing alleged abuses of the Foreign Intelligence Surveillance Act, declassified by President Trump and released to the public on February

---

[1] Mr. Hardy's letter is enclosed for your reference.

**Department of Justice FOIA Appeal**
**February 5, 2018**
**Page 2 of 2**

2, 2018 ("the FISA abuse memo"). As the memo notes, then FBI Director James Comey
signed three applications for a FISA warrant or subsequent renewals of that warrant,
which targeted former Trump campaign official Carter Page.

If you do not understand this request or any portion thereof, or if you feel you
require clarification of this request or any portion thereof, please contact us immediately
at 202-646-5172 or bmarshall@judicialwatch.org. We look forward to receiving the
requested documents and a waiver of both search and duplication costs within twenty
(20) business days. Thank you for your cooperation.

Very respectfully,

William F. Marshall
Judicial Watch

Enclosures

U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

January 19, 2018

MR. WILLIAM F MARSHALL
JUDICIAL WATCH
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

FOIPA Request No.: 1385447-000
Subject: Communications between former FBI
Director James Comey and Special Counsel Robert
Mueller

Dear Mr. Marshall:

This responds to your Freedom of Information Act (FOIA) request.

The FBI can neither confirm nor deny that the specific items you seek exist or do not exist as mere acknowledgement of these items would require the FBI to confirm or refute these assumptions, which could trigger harm under FOIA Exemption (b)(7)(A). Acknowledging the existence or non-existence of records could reasonably be expected to interfere with law enforcement proceedings. 5 U.S. C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

It is unnecessary to adjudicate your request for a fee waiver.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records that are subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.   Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)



7017100000059833620

To: OIP/FOIA

Building:
Room # 11050
Department: OIP

DOJ-FASS

Judicial Watch, Inc.
425 Third Street, SW, Suite 800
Washington, DC 20024

CERTIFIED MAIL

Judicial
Watch
Because no one
is above the law!

7017 3000 0000 5383 3620

NEOPOST
02/05/2018
US POSTAGE $006.69⁰

ZIP 20024
041L10408544

Director, Office of Information Policy
United States Department of Justice
Suite 11050
1425 New York Avenue, NW
Washington, DC 20530-0001

X-RAYED

FEB 1 2018

DOJ MAILROOM

FREEDOM OF INFORMATION ACT APPEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

      Plaintiff,

         v.                                    Civil Action No. 1:18-cv-00932

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

# EXHIBIT E

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

William F. Marshall
Judicial Watch
Suite 800
425 Third Street SW
Washington, DC 20024

February 16, 2018

Dear Mr. William F. Marshall,

This is to advise you that your administrative appeal from the action of the FBI regarding Request No. 1385447 was received by this Office on 02/12/2018.

The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-002834. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

PRISCILLA
JONES

Priscilla Jones

Digitally signed by
PRISCILLA JONES
Date: 2018.02.16 14:46:22
-05'00'

Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

    Plaintiff,

      v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 1:18-cv-00932

# EXHIBIT F



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Mr. William F. Marshall
Judicial Watch
Suite 800
425 Third Street, SW                    Re:    Appeal No. DOJ-AP-2018-002834
Washington, DC 20024                            Request No. 1385447
bmarshall@judicialwatch.org                     JKD:JMB

**VIA: Email**

Dear Mr. Marshall:

You appealed from the action of the Federal Bureau of Investigation on your Freedom of Information Act request for access to "any and all records of communications between former FBI Director James Comey and Special Counsel Robert Mueller, or members of SC Mueller's investigative committee, … relating to the return of memoranda of conversations … generated by Comey following conversations with government officials during his tenure as FBI Director" for the period from May 1, 2017 to the present. I note that your appeal concerns the FBI's response dated January 19, 2018.

After carefully considering your appeal, I am affirming the FBI's action on your request. The FOIA provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. The FBI properly refused to confirm or deny the existence of any records responsive to your request because the existence of such records is protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A), and it is reasonably foreseeable that confirming or denying the existence of such information would harm the interests protected by this provision. This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

- 2 -

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

4/13/2018

X _____

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: OIP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

    Plaintiff,

       v.                        Civil Action No. 1:18-cv-00932

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

# EXHIBIT G



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 16, 2018

MR. WILLIAM F MARSHALL
JUDICIAL WATCH, INC.
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

Civil Action No.: 18-CV-00932
FOIPA Request No.: 1385447-000
Subject: Communications between former FBI
Director James Comey and Special Counsel Robert
Mueller

Dear Mr. Marshall:

The FBI carefully examined records responsive to your FOIA request and determined the information is exempt from disclosure pursuant to FOIA Exemption (b)(7)(A). Also, the FBI asserted the exemptions indicated below as additional grounds for withholding the information.

| Section 552 | | Section 552a |
|---|---|---|
| ☑ (b)(1) | ☑ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| National Security Act of 1947, | ☐ (b)(7)(D) | ☐ (k)(2) |
| 50 U.S.C., Section 3024 (i)(1) | | |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

☐   Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐   This information has been referred to the OGA(s) for review and direct response to you.
☐   We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

☐   In accordance with standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. § 552/552a (b)(7)(E)/(j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the Freedom of Information Act (FOIA).   See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010).   This response is limited to those records subject to the requirements of the FOIA.   This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist. Enclosed for your information is a copy of the Explanation of Exemptions.

Although your request is in litigation, we are required by 5 USC § 552 (a)(6)(A) to provide you the following information concerning your right to appeal.   You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:   https://foiaonline.regulations.gov/foia/action/public/home.   Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

☐   The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.   Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject.   Our experience has shown such additional references, if identified to the same subject of the main investigative file, usually contain information similar to the information processed in the main file(s).   As such, we have given priority to processing only the main investigative file(s) given our significant backlog.   If you would like to receive any references to the subject(s) of your request, please submit a separate request for the reference material in writing.   The references will be reviewed at a later date, as time and resources permit.

☐   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

    Plaintiff,

      v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 1:18-cv-00932

# EXHIBIT H



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

July 23, 2019

MR. MICHAEL BEKESHA
JUDICIAL WATCH, INC.
SUITE 800
425 THIRD STREET, SW
WASHINGTON, DC 20024

Civil Action No.: 18-CV-00932
FOIPA Request No.: 1385447-000
Subject: Communications between former FBI
Director James Comey and Special Counsel Robert
Mueller

Dear Mr. Bekesha:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure. The appropriate exemptions are noted on the processed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions. An Explanation of Exemptions is enclosed to further explain justification for withheld information.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| National Security Act of 1947, 50 U.S.C., Section 3024 (i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☑ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

6 page(s) were reviewed and 6 page(s) are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency (ies) [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records on individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑   See additional information which follows.

Sincerely,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information/Privacy Acts request.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum includes information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests.  Part 2 includes additional standard responses that apply to all requests for records on individuals.  Part 3 includes general information about FBI records.  For questions regarding Parts 1, 2, or 3, visit the www.fbi.gov/foia website under "Contact Us."  Previously mentioned appeal and dispute resolution services are also available at the web address.

**Part 1: The standard responses below apply to all requests:**

(i)    **5 U.S.C. § 552(c).**  Congress excluded three categories of law enforcement and national security records from the requirements of the FOIA [5 U.S.C. § 552(c) (2006 & Supp. IV (2010)].  FBI responses are limited to those records subject to the requirements of the FOIA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)   **National Security/Intelligence Records.**  The FBI can neither confirm nor deny the existence of national security and foreign intelligence records pursuant to FOIA exemptions (b)(1), (b)(3), and PA exemption (j)(2) as applicable to requests for records about individuals [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2); 50 U.S.C § 3024(i)(1)].  The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].  This is a standard response and should not be read to indicate that national security or foreign intelligence records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)    **Requests for Records about any Individual—Watch Lists.**  The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].  This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)   **Requests for Records for Incarcerated Individuals.**  The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].  This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)    **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching those systems or locations where responsive records would reasonably be found.  A reasonable search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI in the course of fulfilling law enforcement, intelligence, and administrative functions.  The CRS spans the entire FBI organization and encompasses the records of FBI Headquarters (FBIHQ), FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide and includes Electronic Surveillance (ELSUR) records.  For additional information about our record searches visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)   **FBI Records.**  Founded in 1908, the FBI carries out a dual law enforcement and national security mission.  As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)  **Requests for Criminal History Records or Rap Sheets.**  The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheets.  These criminal history records are not the same as material in an investigative "FBI file."  An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.  For a fee, individuals can request a copy of their Identity History Summary Check.  Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.  Additionally, requests can be submitted electronically at www.edo.cjis.gov.  For additional information, please contact CJIS directly at (304) 625-5590.

(iv)   **The National Name Check Program (NNCP).**  The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.  Please be advised that this is a service provided to other federal agencies.  Private citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal  privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.

    Plaintiff,

      v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 1:18-cv-00932

# EXHIBIT I

**IN THE DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) Case No. 18-cv-00932 |
| Plaintiff, | ) |
| | ) Judge Reggie B. Walton |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | ) |
| | ) |
| Defendant. | ) |

## <u>DECLARATION OF VANESSA R. BRINKMANN</u>

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ or "the Department"). In this capacity, I am responsible for supervising handling of the Freedom of Information Act (FOIA) requests subject to litigation processed by the Initial Request Staff (IR Staff) of OIP. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the DOJ, specifically the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, and Public Affairs. Moreover, the IR Staff is responsible for processing FOIA requests seeking certain records from the Special Counsel's Office (SCO). The IR Staff determines whether records responsive to FOIA requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the DOJ, as well as with other Executive Branch agencies.

2.   I make the statements herein on the basis of personal knowledge, information

provided to me by others within the Executive Branch of the federal government with knowledge

of the types of records at issue in this case, and on information acquired by me in the course of

performing my official duties, including my review of the records addressed in this declaration.

3.   I provide this declaration to supplement the Federal Bureau of Investigation's (FBI)

declaration, filed contemporaneously.  See Declaration of David M. Hardy.  This declaration is

limited to addressing two withholdings made in the FBI's production on the basis of the

presidential communications privilege of Exemption 5, pursuant to consultation with OIP.  The

declaration provided by the FBI will discuss the procedural history of this case and all other

outstanding issues.

### Explanation of Information Withheld Pursuant to the Presidential Communications Privilege of Exemption 5

4.   Two pages released in part by the FBI, Bates pages FBI 18-CV-00932-3 and -6,

contain narrow withholdings made pursuant to the presidential communications privilege of

Exemption 5.  These two withholdings reflect the substance of a direct communication – a phone

call – between the President of the United States and the Director of the FBI, which is related to

potential presidential decision-making.  As indicated by the released portions of the records

themselves, this communication related directly to official Executive Branch business.  All

reasonably segregable, non-exempt information related to this communication was provided to

Plaintiff.

### Exemption 5

5.   Exemption 5 of the FOIA exempts from mandatory disclosure "inter-agency or intra-

agency memorandums or letters which would not be available by law to a party other than an

2

agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  As noted above, all information addressed in this declaration was withheld pursuant to the presidential communications privilege.

Exemption 5: Inter-/Intra-Agency Threshold

6.   In order to withhold records from release pursuant to Exemption 5 of the FOIA, the records must be "inter-agency or intra-agency."  Here, all information withheld from Plaintiff pursuant to the presidential communications privilege of Exemption 5 consists of the details of a communication solely between the President and the Director of the FBI, making the communication wholly internal to the Executive Branch.  As such this is an "inter-/intra-agency" communication within the threshold of FOIA Exemption 5.

Exemption 5: Presidential Communications Privilege

7.   The presidential communications privilege protects communications or documents that relate to presidential decision-making which involve the President or his immediate advisors or their staffs.  The presidential communications privilege is broader than the deliberative process privilege because it covers both pre-decisional and post-decisional communications.

8.   The information protected by the presidential communications privilege in this instance is limited to the specific details of what was discussed during a phone call between the President and a senior Department of Justice official, then-FBI Director James Comey.  As is evident from the information that has been released to Plaintiff within the records at issue, the referenced conversation between the President and the FBI Director occurred in response to a request from the President for Director Comey to contact him, and pertained to a matter of Executive Branch "business."  Both of the redactions made on the basis of the presidential communications privilege pertain to the same communication between the President and the FBI Director (one redaction appears within typed notes, the other within handwritten notes).  The

3

referenced communication between the President and the FBI Director pertains to a matter of

potential presidential decision and reflects a direct communication from the President.  As such,

it falls squarely within the scope of the presidential communications privilege.

9.   Because the information withheld here reflects the details of a communication that

directly involved the president and the FBI Director alone, was wholly internal to the Executive

Branch, and involves potential presidential decision-making, OIP has determined that the

information is properly withheld pursuant to the presidential communications privilege

encompassed by FOIA Exemption 5.

10. Disclosure of the specific content of a business-related phone call between the

President and the FBI Director in this instance would inhibit the President's future ability to seek

and obtain candid information and advice from senior Department leadership officials, upon

whom the President relies to provide the best possible advice to assist him in exercising his

constitutional responsibilities.  As such, OIP has determined that the information is appropriately

protected pursuant to the presidential communications privilege encompassed by FOIA

Exemption 5.

<u>Segregation of Non-Exempt Information</u>

11.  The Department thoroughly reviewed each instance where information was withheld

from Plaintiffs pursuant to the presidential communications privilege of Exemption 5, releasing

information peripheral to the communication where appropriate, and determined that no further

materials could be segregated for release.  As a result of these efforts, several details about the

presidential communication, including the date/time, location, and logistics of the phone call,

have been released and only the limited, specific details of what was discussed between the

President and the FBI Director have been protected.  All reasonably segregable, non-exempt

information from these records has been disclosed to Plaintiffs.

     I declare under penalty of perjury that the foregoing is true and correct.


                                                                    Vanessa R. Brinkmann

Executed this 23rd day of July 2019.